**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-2270**

_____

CONSOL OF KENTUCKY, INCORPORATED,

        Petitioner,

    v.

RICKY GLEN ADAMS; DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF
LABOR,

        Respondents.

_____

On Petition for Review of an Order of the Benefits Review Board.  (21-0337)

_____

Submitted:  August 30, 2024                          Decided:  September 10, 2024

_____

Before GREGORY, HARRIS, and HEYTENS, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:**  Joseph D. Halbert, Jarrod R. Portwood, SHELTON, BRANHAM &
HALBERT, PLLC, Lexington, Kentucky, for Petitioner.  Brad A. Austin, WOLFE
WILLIAMS & REYNOLDS, Norton, Virginia, for Respondent Ricky Adams.  Jeffrey
Steven Goldberg, UNITED STATES DEPARTMENT OF LABOR, Washington, D.C., for
Federal Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Consol of Kentucky, Inc. ("Employer"), petitions this court for review of the Benefits Review Board's ("BRB") order affirming the Administrative Law Judge's ("ALJ") decision granting Ricky Glen Adams's request for modification and awarding benefits under the Black Lung Benefits Act (the "Act"), 30 U.S.C. §§ 901 to 944. Employer argues that the ALJ's finding that Adams suffered from a totally disabling respiratory impairment is not supported by substantial evidence. We deny the petition for review.

Our review of a BRB decision upholding an award of benefits is "highly deferential." *W. Va. CWP Fund v. Dir., OWCP*, 880 F.3d 691, 697 (4th Cir. 2018) ("*Smith*"). "We ask only whether substantial evidence supports the factual findings of the ALJ and whether the legal conclusions of the [BRB] and ALJ are rational and consistent with applicable law." *Hobet Mining, LLC v. Epling*, 783 F.3d 498, 504 (4th Cir. 2015) (internal quotation marks omitted). When "determin[ing] whether this standard has been met, we consider whether all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained his rationale in crediting certain evidence." *Id.* (internal quotation marks omitted).

However, "it is for the ALJ, as the trier of fact, to make factual and credibility determinations, and we therefore defer to the ALJ's evaluation of the proper weight to accord conflicting medical opinions." *Id.* (cleaned up). We must sustain "an ALJ's findings in this regard" so long as they "are supported by substantial evidence." *Id.* "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a

2

reasonable mind might accept as adequate to support a conclusion." *Sea "B" Mining Co. v. Addison*, 831 F.3d 244, 252 (4th Cir. 2016) (internal quotation marks omitted).

Generally, to receive benefits under the Act, a claimant must prove that (1) he has pneumoconiosis; (2) the pneumoconiosis arose from his coal mine employment; (3) he has a totally disabling respiratory or pulmonary impairment; and (4) his pneumoconiosis substantially contributes to his disabling impairment. 20 C.F.R. § 725.202(d)(2) (2024); *see Westmoreland Coal Co. v. Stallard*, 876 F.3d 663, 667 (4th Cir. 2017). "But for certain miners, Congress has made it easier to establish eligibility for benefits." *Smith*, 880 F.3d at 695. Specifically, the Act provides a rebuttable presumption that a miner is totally disabled due to pneumoconiosis if he proves that he has a totally disabling respiratory or pulmonary impairment and that he worked for at least 15 years in underground coal mines or substantially similar conditions. *See W. Va. CWP Fund v. Bender*, 782 F.3d 129, 133-34 (4th Cir. 2015); 30 U.S.C. § 921(c)(4); 20 C.F.R. § 718.305(b), (c)(1) (2024). A miner may prove a totally disabling respiratory or pulmonary impairment through (1) qualifying pulmonary function tests ("PFTs"); (2) qualifying arterial blood gas studies ("ABGSs"); (3) a showing that "[t]he miner has pneumoconiosis and . . . suffer[s] from cor pulmonale with right-sided congestive heart failure"; or (4) well-documented and well-reasoned physicians' opinions "conclud[ing] that [the] miner's respiratory or pulmonary condition prevents or prevented the miner from engaging in [his last coal mining job or similar work]." 20 C.F.R. § 718.204(b)(2) (2024); *see* 20 C.F.R. § 718.204(b)(1) (2024).

Here, the parties stipulated that Adams had at least 27 years of underground coal mine employment, and the ALJ found that Adams had a totally disabling respiratory

3

impairment based on Dr. Ajjarapu's opinion and Adams's treatment records. The ALJ therefore invoked the 15-year presumption that Adams was totally disabled due to pneumoconiosis. Employer argues that the ALJ erred in invoking the 15-year presumption because substantial evidence does not support the ALJ's total disability finding.

In support of its overarching argument, Employer first contends that the ALJ erred in crediting Dr. Ajjarapu's opinion because it was the oldest in the record and, as such, the opinion failed to account for subsequently-developed medical evidence, particularly nonqualifying PFTs. But the other doctors who examined the subsequent medical evidence universally concluded that the PFTs, although nonqualifying, revealed that Adams had either a mild or moderate respiratory impairment. Accordingly, this subsequent evidence did not undermine Dr. Ajjarapu's opinion that Adams had a totally disabling respiratory impairment. And "'recency,' in and of itself," is not a valid reason to credit one medical opinion over another. *Thorn v. Itmann Coal Co.*, 3 F.3d 713, 718 (4th Cir. 1993); *see id.* ("A bare appeal to 'recency' is an abdication of rational decisionmaking."). Furthermore, while Employer asserts that Dr. Ajjarapu's opinion was premised upon an invalid PFT, we agree with the BRB that this assertion mischaracterizes the evidence. The ALJ reasonably deemed the relevant PFT valid based on the administering technician's observations of Adams's effort and the opinion of an independent physician who reviewed the test. Moreover, Dr. Ajjarapu's total disability opinion was also premised on Adams's reported symptoms and an ABGS showing hypoxemia.

Next, Employer argues that the ALJ erred in crediting Dr. Ajjarapu's opinion over the opinions of Drs. Green, Silman, and Vuskovich, who each found that Adams had a mild

4

to moderate respiratory impairment but was nevertheless not totally disabled. In particular, Employer contends that the ALJ ignored Dr. Ajjarapu's failure to discuss the exertional requirements of Adams's last coal mine job but then discredited the other doctors' opinions for failing to explain whether Adams could return to his job. Employer also asserts that the ALJ improperly credited Adams's subjective reports of his physical limitations over the doctors' assessment of the objective medical evidence.

We find Employer's contentions unpersuasive. Although Dr. Ajjarapu did not—as the ALJ recognized—discuss the exertional requirements of Adams's last coal mine job, her opinion made clear that Adams had a severe respiratory impairment and attendant physical limitations that would preclude him from returning to his prior job, which the ALJ found entailed heavy manual labor. In contrast, the other doctors recognized that Adams's prior job required him to regularly lift between 50 to 100 pounds but failed to explain how Adams could return to such strenuous work given his mild to moderate respiratory impairment. Moreover, the ALJ did not rely solely on Adams's subjective accounts of his physical limitations to discredit the opinions of Drs. Green, Silman, and Vuskovich. The ALJ instead found that those doctors failed to reconcile their conclusions that Adams was not disabled with their own findings, based on the objective testing, that Adams had a mild to moderate respiratory impairment.

Accordingly, we conclude that the ALJ's total disability finding was supported by substantial evidence.[*]  We therefore deny Employer's petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

---

[*] Employer also briefly asserts that the regulations implementing the Act prohibited the ALJ from considering the treatment records in determining whether Adams was totally disabled.  We conclude that Employer's assertion is without merit.  Indeed, "[t]he ALJ ha[d] a statutory obligation to consider all of the relevant evidence bearing upon the existence of pneumoconiosis and its contribution to the miner's disability."  *Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 533 (4th Cir. 1998) (cleaned up).